UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JESUS PACHECO** | * | **CIVIL ACTION NO.: 7:14-cv-00073** |
|    **Plaintiff** | * | **ADMIRALTY** |
| | * | |
| **VERSUS** | * | **CHIEF JUDGE:** |
| | * | **RICARDO H. HINOJASA** |
| | * | |
| **GRAND ISLE SHIPYARD, INC. , ET AL** | * | |
| | * | |
|    **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PETITION FOR INTERVENTION

**NOW INTO COURT,** through undersigned counsel, come Intervenors, Grand Isle Shipyard, Inc. (hereinafter "GIS"), a corporation authorized to do and doing business in the State of Louisiana, and The Gray Insurance Company (hereinafter "Gray"), an insurance company authorized to do and doing business in the State of Louisiana, who, appearing as Intervenors in this matter, respectfully represent the following:

1.

Made defendants to the claim asserted in this intervention are:

   a. Jesus Pacheco (hereinafter referred to as "plaintiff"), a person of full age of majority domiciled in the state of Texas;

   b. Offshore Marine Contractors, Inc. (hereinafter referred to as "OMC"), a Louisiana corporation.

2.

As shown by the plaintiff's Complaint, it is claimed that plaintiff sustained accidental injuries while he was in the course and scope of his employment with his employer, GIS.

3.

Plaintiff has asserted that his injuries were due to the negligence of one or more parties to the instant litigation and that he is entitled to recover damages as a result of that negligence.

4.

At all material times pertinent herein, plaintiff was employed as a scaffold builder working aboard stationary platforms affixed to the Outer Continental Shelf of the Gulf of Mexico. As such, his claims are properly brought under the Outer Continental Shelf Lands Act and plaintiff is entitled to benefits under the Longshore and Harbor Workers Claims Act.

5.

At all material times pertinent herein, Intervenor, Gray, issued a policy of workers' compensation insurance which provides benefits under the Longshore and Harbor Workers Compensation Act (hereinafter referred to as the "LHWCA") to plaintiff's employer, GIS.

6.

As a result of the injuries allegedly sustained by plaintiff, Gray has paid to, or on behalf of, plaintiff, Longshore and Harbor Workers Compensation benefits and expenses.  Plaintiff has received compensation benefits in the amount of $52,872.16 and medical benefits in the amount of $14,910.04 from Gray, pursuant to the LHWCA and under Intervenors' insurance policy. In total, plaintiff has received $67,782.20 in longshore benefits related to his alleged injury.

7.

Under the applicable law, Intervenors are subrogated legally to the rights of the plaintiff for all amounts paid by Intervenors to, and on behalf of, plaintiff and also for any additional amounts which Intervenors may be presently obligated or might in the future become obligated to pay under the workers' compensation policy issued by Gray to GIS.

8.

That by virtue of the payments made, Intervenors, GIS and Gray, are also subrogated equitably and/or contractually to the rights of the plaintiff for all amounts paid by Intervenors to, and on behalf of, plaintiff and also for any additional amounts which Intervenors may be presently obligated or might become obligated to pay under their workers' compensation policy.

9.

Gray, as the Longshore and Harbor Workers Compensation insurer, as subrogee and co-owners of the rights of the plaintiff, is entitled to intervene herein for a first dollar priority reimbursement of all amounts paid to, or on behalf of, plaintiff out of any damages or recovery, which may be awarded to the plaintiff, and against OMC, together with legal interest from the date of judicial demand, until paid, and any and all expenses related to this matter.

10.

Additionally, GIS, as employer of the plaintiff, as additional subrogee and as co-owner of the rights of the plaintiff, is entitled to intervene herein for reimbursement of all those amounts paid to on behalf of plaintiff in excess of the coverages provided by Gray, out of any damages or recovery, which may be awarded to the plaintiff and against OMC, together with legal interest from the date of judicial demand, until paid, and any and all expenses related to this matter.

11.

Alternatively, and only in the event that plaintiff is found to be a Jones Act seaman, which is specifically denied, and/or was not otherwise entitled to receive benefits under the LHWCA, Intervenors allege that said benefits were paid as a result of plaintiff's fraudulent claim for benefits, and Intervenors are therefore entitled to receive reimbursement of all amounts paid, as well as, interest, attorneys' fees and costs incurred as a result of plaintiff's fraud.

12.

Alternatively, and only in the event that plaintiff is found to be a Jones Act seaman, which is specifically denied, and/or was not otherwise entitled to receive benefits under the LHWCA, Intervenors are entitled to recover the full amount of any and all compensation and benefits paid to plaintiff under their workers' compensation policy.

13.

Alternatively, Intevenors have paid to, or on behalf of plaintiff, maintenance and cure in the form of medical payments and indemnity benefits and, should OMC be found to have been negligent in causing injuries to plaintiff, then Intervenors are entitled to reimbursement of these expenses from OMC.

**WHEREFORE,** Intervenors, Grand Isle Shipyard, Inc. and The Gray Insurance Company, pray that they be allowed to intervene herein; that they be allowed to serve a copy of this Petition of Intervention on the plaintiff and Offshore Marine Contractors, Inc.; and that after due proceedings had, there be judgment granted in favor of Intervenors and against the adverse party Defendant and the plaintiff in the amount of all Longshore and Harbor Workers Compensation benefits and expenses paid by Intervenors and which may be paid in the future by Intervenors.

**INTERVENORS ALSO PRAY** that if the plaintiff is successful in obtaining a judgment or a recovery in his favor, then there also be a judgment in favor of Intervenors by preference and priority for the amount of recovery by the plaintiff to the extent of all payments made to or on behalf of plaintiff, and that there be further judgment for any additional payments which have been made or may be made in the future, including a dollar-for-dollar credit on any excess

judgment or recovery in favor of the plaintiff herein, together with legal interest from the date of judicial demand, until paid, and for all costs of this Intervention.

**INTERVENORS ALSO PRAY** for all general and equitable relief as the Court may deem appropriate and proper.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

*/s/ Robert S. Reich*
**ROBERT S. REICH (#11163)**
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 830-3999
Facsimile:   (504) 830-3950
Email:  rreich@rapllclaw.com
*Attorney for Grand Isle Shipyard, Inc. and*
*The Gray Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 27th day of June, 2014.

*/s/ Robert S. Reich*
**ROBERT S. REICH**

5